SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                   )  Arizona Supreme Court
                                    )  No. CR-08-0363-PR
                    Appellee,       )
                                    )  Court of Appeals
              v.                    )  Division One
                                    )  No. 1 CA-CR 07-0448
MARK ALLEN FREENEY,                 )
                                    )  Maricopa County
                    Appellant.      )  Superior Court
                                    )  No. CR2006-166886-002 DT
                                    )
                                    )  **O P I N I O N**
_____     )

Appeal from the Superior Court in Maricopa County
The Honorable Colleen L. French, Judge Pro Tempore

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
220 Ariz. 435, 207 P.3d 688 (App. 2008)

**VACATED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
      By   Melissa Parham, Assistant Attorney General
Attorneys for State of Arizona

KESSLER LAW OFFICES                                           Mesa
      By   Eric W. Kessler
Attorney for Mark Allen Freeney
_____

**P E L A N D E R**, Justice

¶1        Absent the defendant's consent, a criminal "charge may
be amended only to correct mistakes of fact or remedy formal or
technical defects."  Ariz. R. Crim. P. 13.5(b).  In this case,
the State moved to amend the indictment on the first day of

trial to change the theory of the assault underlying its sole charge of aggravated assault. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-1203(A), 13-1204(A) (Supp. 2008). The trial court granted the motion, over Mark Allen Freeney's objection, and the jury found him guilty of the amended charge.

¶2 Because the elements of the amended charge differ from those of the original charge, we conclude the amendment changed the nature of the offense and therefore violated Rule 13.5(b). Although the trial court erred in granting the amendment, such error is not prejudicial per se but rather subject to harmless error review. We find the error here harmless beyond a reasonable doubt and affirm Freeney's conviction.

**I**

¶3 A neighbor saw Freeney beat the victim, his girlfriend, with a metal bar or pipe outside the couple's home and heard Freeney threaten to kill her. The neighbor called the police, but Freeney left before they arrived. The victim was treated for a four-inch laceration on her head and other injuries. She told police Freeney had hit her repeatedly with a metal pipe.

¶4 Freeney was indicted on a charge of aggravated assault using a deadly weapon or dangerous instrument, *see* A.R.S. § 13-1204(A)(2), and having "intentionally placed [the victim] in reasonable apprehension of imminent physical injury," *see* A.R.S.

2

§ 13-1203(A)(2). The indictment cited §§ 13-1203 and 13-1204 without specifying any subsections and included an allegation of dangerousness that stated:

> [T]he offense charged in this count is a dangerous felony because the offense involved the discharge, use, or threatening exhibition of a METAL BAR or PIPE, a deadly weapon or dangerous instrument *and/or the intentional or knowing infliction of serious physical injury* upon [the victim], in violation of A.R.S. § 13-604(P).

(Emphasis added.)

¶5 The State also filed an Allegation of Aggravating Circumstances Other Than Prior Convictions, alleging "the offense(s) involved the infliction or threatened infliction of serious physical injury." In the parties' joint pretrial statement, the State listed the treating emergency room physician as a witness and alleged that Freeney had "hit the victim . . . several times in the head and body with a metal bar while threatening to kill her," and that the victim had "received a head injury from the beating and was transported to the hospital."

¶6 Just before jury selection on the first day of trial, citing Rule 13.5(b), the State moved to amend the indictment to change the theory of the underlying assault to "intentionally, knowingly, or recklessly causing any physical injury to another

3

person" under A.R.S. § 13-1203(A)(1).[1] Freeney objected to the timing of the amendment but acknowledged knowing about the victim's injuries from pretrial disclosures. The prosecutor stated without contradiction that Freeney had received notice of those injuries from police reports, medical records, and photographs. The trial court granted the motion, concluding the amendment did not prejudice Freeney or violate the notice requirement of the Sixth Amendment.[2]

¶7 Freeney did not testify at trial or dispute the victim's injuries. He denied having assaulted the victim, however, contending another person had committed the crime. The victim testified that she and Freeney had been at home on the night of the incident, but that Freeney had left and someone else had assaulted her. The jury found Freeney guilty of aggravated assault and that the offense was dangerous.

¶8 On appeal, citing *State v. Sanders*, 205 Ariz. 208, 68 P.3d 434 (App. 2003), Freeney argued that the amendment to the indictment was improper and that such error was prejudicial per

---

[1] That motion apparently was prompted by a newly assigned prosecutor learning that the victim had recently recanted earlier statements implicating Freeney.

[2] The Sixth Amendment to the United States Constitution, applicable to the states via the Fourteenth Amendment, requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." *E.g.*, *Gray v. Raines*, 662 F.2d 569, 571 (9th Cir. 1981).

4

se. *State v. Freeney*, 220 Ariz. 435, 440 ¶ 18, 207 P.3d 688, 693 (App. 2008). In affirming Freeney's conviction, the court of appeals distinguished *Sanders* by noting the amendment in that case occurred mid-trial, whereas the amendment here occurred before jury selection. *Id.* at 441-42 ¶¶ 27-28, 30, 207 P.3d at 694-95. On that basis, the court "decline[d] to impose the prejudice-per-se rule of *Sanders*, and instead conclude[d] that [Freeney] must show that he suffered actual prejudice from the amendment," which he failed to do. *Id*. at ¶¶ 28, 30.

¶9 In a concurring opinion, Judge Hall, who had dissented in *Sanders*, found no "principled basis on which both *Sanders* and the lead opinion's analysis can co-exist." *Id.* at 443 ¶ 34, 207 P.3d at 696 (Hall, J., concurring in the result). Even assuming the amendment changed the nature of the offense, Judge Hall stated, "*Sanders*' prejudice-per-se analysis is theoretically flawed," and "the harmless-error doctrine should apply when a trial court erroneously overrules a defendant's objection to a prosecutor's motion to amend an indictment or information pursuant to Rule 13.5(b)." *Id*. at 443-44 ¶¶ 34, 36, 207 P.3d at 696-97.

¶10 We granted review to resolve a recurring issue of statewide importance pertaining to a rule of criminal procedure and to address the apparent tension between the court of appeals' opinion and *Sanders*. We have jurisdiction pursuant to

5

Article 6, Section 5(3) of the Arizona Constitution and A.R.S. §§ 12-120.24 and 13-4033(A)(1).

## II

¶11     Rule 13.5(b), Ariz. R. Crim. P., governs the process of amending an indictment.  It provides:

> The preliminary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order or grand jury indictment.  The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment.  The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding.

"A defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way."  *State v. Bruce*, 125 Ariz. 421, 423, 610 P.2d 55, 57 (1980).

¶12     In *Sanders*, the defendant was charged with aggravated assault in violation of § 13-1204(A)(5) (now § 13-1204(A)(8)(a)), based on a predicate assault under § 13-1203(A)(3) ("[k]nowingly touching another person with the intent to injure, insult or provoke").  205 Ariz. at 212 ¶ 5, 68 P.3d at 438.  At the conclusion of its case-in-chief, the state moved to amend the indictment pursuant to Rule 13.5(b) to allege a violation of § 13-1203(A)(2) ("[i]ntentionally placing another person in reasonable apprehension of imminent physical injury").

6

*Sanders*, 205 Ariz. at 212 ¶ 9, 68 P.3d at 438. The trial court granted the motion over the defendant's objection. *Id*. at ¶ 10.

¶13  Reversing the conviction, the court of appeals concluded that the "two types of assault [under subsections (A)(2) and (A)(3) of § 13-1203] are in fact distinctly different crimes" and that the amendment "changed the nature of the originally charged offense." *Id*. at 216-17 ¶ 33, 68 P.3d at 442-43. The court held that "an amendment proposed mid-trial that changes the nature of the original charge deprives an accused of the type of notice and opportunity to prepare a defense contemplated by the Sixth Amendment and is therefore not permitted by Rule 13.5(b)." *Id.* at 211 ¶ 1, 68 P.3d at 437. It concluded that "an amendment that changes the nature of the charged offense is prejudicial per se." *Id.* at 220 ¶ 50, 68 P.3d at 446; *see also id.* at 214-15 ¶¶ 20-24, 68 P.3d at 440-41.

¶14  In dissent, Judge Hall argued the nature of the offense had not changed because the overarching crime of aggravated assault remained the same, despite changing the theory of the underlying § 13-1203(A) assault charge. *Id*. at 224, 229 ¶¶ 73-74, 95, 68 P.3d at 450, 455 (Hall, J., dissenting). Consequently, he concluded, the defendant was required to show actual prejudice and had failed to do so. *Id.* at 223-29 ¶¶ 80-94, 68 P.3d at 451-55.

¶15  In this case, the court of appeals noted "the ultimate

crime charged is the same," but found no need to decide "whether the nature of the offense [was] changed" by the amendment. *Freeney*, 220 Ariz. at 441-42 ¶ 28, 207 P.3d at 694-95. That issue, however, has a direct bearing on whether the amendment was authorized by Rule 13.5(b). *See Bruce*, 125 Ariz. at 423, 610 P.2d at 57. Freeney argues, and we agree, that the amendment here violated the rule by changing the nature of the offense.

¶16 When the elements of one offense materially differ from those of another — even if the two are defined in subsections of the same statute — they are distinct and separate crimes. *E.g.*, *State v. Leenhouts*, 218 Ariz. 346, 349 ¶ 13, 185 P.3d 132, 135 (2008) ("Because the elements required to prove a violation of subsection A.1 [of A.R.S. § 13-1302] differ from those required to prove a violation of subsection A.3, the original and supervening indictments do not allege the same charge."); *State v. Sustaita*, 119 Ariz. 583, 591, 583 P.2d 239, 247 (1978) ("We have stated that '[a]n offense which requires different evidence or elements than the principal charge is a separate offense . . . .'") (quoting *State v. Woody*, 108 Ariz. 284, 287, 496 P.2d 584, 587 (1972)).

¶17 Here, the elements required to prove a violation of § 13-1203(A)(2) differ from those required to prove a violation of § 13-1203(A)(1). Because the amended indictment altered the

elements of the charged offense, it constituted a change in the nature of the offense.

¶18      Further, proper application of Rule 13.5(b) hinges on the existence of some mistake or defect in the indictment for which a corrective amendment is needed. Permissible Rule 13.5(b) amendments, for example, have corrected dates, names, addresses, and even a statutory section number, when the defendants had adequate notice of the intended charge and the typographical error was first discovered shortly before trial. *See, e.g.*, *Sustaita*, 119 Ariz. at 591, 583 P.2d at 247; *State v. Johnson*, 198 Ariz. 245, 247 ¶ 7, 8 P.3d 1159, 1161 (App. 2000) (citing examples of permissible and impermissible amendments under Rule 13.5(b)); *see also Sanders*, 205 Ariz. at 214 ¶ 19, 68 P.3d at 440 ("common theme" of cases permitting amendments pursuant to Rule 13.5(b) "is that the defect is minor and correcting it does no harm to the defendant's ability to defend himself").

¶19      Here, however, as in *Sanders*, 205 Ariz. at 214 ¶ 20, 68 P.3d at 440, the amendment did not correct a mistake of fact or remedy a formal or technical defect in the indictment. In fact, the indictment was not defective at all. It simply charged Freeney with an offense the State later determined might be difficult to prove, given the victim's recantation of her earlier statements.

¶20      In sum, not only did the amendment change the nature of the offense, but also the original indictment was not defective.  Therefore, the amendment was not authorized under Rule 13.5(b) and the trial court erred in granting the State's motion.

III

¶21      Relying on *Sanders*, Freeney next argues a violation of Rule 13.5(b) is prejudicial per se, requiring automatic reversal.  We disagree.

¶22      Although *Bruce* neither addressed nor decided any Sixth Amendment issues, the *Sanders* court viewed *Bruce* as establishing a disjunctive "test for a Sixth Amendment violation," concluding that a violation of Rule 13.5(b) equates to a denial of constitutional rights.  *Sanders*, 205 Ariz. at 214 ¶¶ 19-20, 68 P.3d at 440.  The court in *Sanders* found that, when an amendment changes the nature of the offense, Rule 13.5(b) is violated and prejudice is "conclusively presumed."  *Id.* at 214 ¶ 20, 68 P.3d at 440.  By labeling the error "prejudicial per se," *id.* at 220 ¶ 50, 68 P.2d at 446, the court essentially equated it to structural error.  *See, e.g.*, *State v. Valverde*, 220 Ariz. 582, 584-85 ¶ 10, 208 P.3d 233, 235-36 (2009).

¶23      As we have previously noted, however, most errors, even constitutional errors, are not structural.  *State v. Ring*, 204 Ariz. 534, 552 ¶ 45, 65 P.3d 915, 933 (2003).  Structural

10

error arises in a very limited set of circumstances — those in which "defendants [are deprived] of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for [determination of] guilt or innocence." *State v. Henderson*, 210 Ariz. 561, 565 ¶ 12, 115 P.3d 601, 605 (2005) (quoting *Neder v. United States*, 527 U.S. 1, 8-9 (1999)); *accord Valverde*, 220 Ariz. at 584-85 ¶ 10, 208 P.3d at 235-36. Rule 13.5(b) violations do not fall into that category.

¶24    Relying on federal case law, *Sanders* reached a different conclusion by incorrectly conflating Rule 13.5(b) and the Sixth Amendment notice requirement. *Sanders*, 205 Ariz. at 214 ¶¶ 20-21, 68 P.3d at 440. Both seek to assure that defendants in criminal cases have the opportunity to prepare an adequate defense and avail themselves of the protection against double jeopardy. *E.g.*, *Gray v. Raines*, 662 F.2d 569, 572 (9th Cir. 1981); *State v. Barber*, 133 Ariz. 572, 577, 653 P.2d 29, 34 (App. 1982) (citing *State v. Phelps*, 125 Ariz. 114, 118, 608 P.2d 51, 55 (App. 1979)). But for Sixth Amendment purposes, courts look beyond the indictment to determine whether defendants received actual notice of charges, and the notice requirement can be satisfied even when a charge was not included in the indictment. *See, e.g.*, *Stephens v. Borg*, 59 F.3d 932, 934-36 (9th Cir. 1995); *Morrison v. Estelle*, 981 F.2d 425, 428-29 (9th Cir. 1992); *McKaney v. Foreman*, 209 Ariz. 268, 273 ¶ 23,

100 P.3d 18, 23 (2004).

¶25      In contrast, Rule 13.5(b) is limited to the procedural requirements for amending indictments.  Although it addresses policy concerns similar to those of the Sixth Amendment, Rule 13.5(b) is a prophylactic rule of criminal procedure.  It can be violated even when the Sixth Amendment notice requirement has been satisfied.  Stated differently, a violation of Rule 13.5(b) does not necessarily equate to an infringement of a defendant's Sixth Amendment rights.

¶26      For Sixth Amendment purposes, when a defendant does not receive constitutionally adequate notice of the charges against him, he is necessarily and actually prejudiced.  *See, Sheppard v. Rees*, 909 F.2d 1234, 1237 (9th Cir. 1989) ("A trial cannot be fair unless the nature of the charges against a defendant are adequately made known to him or her in a timely fashion."); *see also Hunter v. New Mexico*, 916 F.2d 595, 598–99 (10th Cir. 1990).  Contrary to *Sanders*, however, we conclude that a violation of Rule 13.5(b) is neither prejudicial per se nor structural error.  Therefore, because Freeney objected to the amendment, we review for harmless error.  *See State v. Hickman*, 205 Ariz. 192, 198 ¶ 28, 68 P.3d 418, 424 (2003) ("most trial error, and even most constitutional error, is reviewed for harmless error").  Under that standard, we require the state to show that the error was harmless beyond a reasonable doubt.

12

*Valverde*, 220 Ariz. at 585 ¶ 11, 208 P.3d at 236; *see also State v. Anthony*, 218 Ariz. 439, 446 ¶ 39, 189 P.3d 366, 373 (2008).

**¶27** The State has met its burden in this case. Freeney had notice the State was alleging and intending to prove that the victim had suffered serious physical injury. This notice came from various pretrial disclosures, including photographs, medical records, and the State's expressed intent to call the treating physician as a witness; the allegation of dangerousness, which cited serious physical injury to the victim; and the parties' joint pretrial statement in which the State alleged Freeney had beaten the victim and caused severe injuries. In fact, when the State moved to amend the indictment, Freeney acknowledged he had notice of the victim's injuries.

**¶28** Unlike the situation in *Sanders*, Freeney has never suggested that the amendment affected, let alone prejudiced, his litigation strategy, trial preparation, examination of witnesses, or argument; nor did he request a trial continuance or recess. Further, his "all or nothing" defense, based on his assertion that someone other than he was the perpetrator, did not change as a result of the amended charge. *See State v. Ramsey*, 211 Ariz. 529, 533 ¶ 7, 124 P.3d 756, 760 (App. 2005) (no showing defense was prejudiced by allegedly duplicitous indictment when defendant claimed he had not committed charged

13

acts); *cf. Johnson*, 198 Ariz. at 248-49 ¶ 12, 8 P.3d at 1162-63 (although defendant denied having engaged in any sexual acts with victim, court found he was prejudiced by amendment of information after state rested its case because the amendment's timing "seriously undercut [defendant's] opportunity to attack the victim's inconsistent statements . . . and inhibited his right to defend himself against her accusations"). On this record, we conclude that the violation of Rule 13.5(b) was harmless beyond a reasonable doubt.[3]

**IV**

¶29 Freeney also contends the amended indictment violated the Sixth Amendment. As noted above, the touchstone of the Sixth Amendment notice requirement is whether the defendant had actual notice of the charge, from either the indictment or other sources. *See Stephens*, 59 F.3d at 934-36; *Calderon v. Prunty*, 59 F.3d 1005, 1009-10 (9th Cir. 1995); *Morrison*, 981 F.2d at 428-29. A Sixth Amendment violation occurs when the defendant received insufficient notice and is therefore actually prejudiced by a new or amended charge. *See, e.g., Stephens*, 59

---

[3] Although we conclude that the error in this case was harmless, we caution prosecutors and trial courts that Rule 13.5(b) should not be carelessly invoked. As we note, the rule implicates several important policy considerations and, therefore, should be strictly limited to its terms and not used to make substantive changes to the indictment on the assumption that the resulting error will ultimately be found harmless.

14

F.3d at 934-36 (failure of indictment to charge felony murder did not violate Sixth Amendment notice requirement when defendant "had five days of actual notice [before closing arguments] of the prosecution's intention to rely on a felony-murder theory"); *see also Sheppard*, 909 F.2d at 1237; *cf. United States v. Odam*, 252 F.3d 1289, 1298 (11th Cir. 2001) ("Even an inadequate indictment satisfies due process if the defendant has actual notice, so that she suffers no prejudice.").

¶30    The same factors that led us to find the Rule 13.5(b) violation harmless support the conclusion that Freeney's Sixth Amendment rights were not violated.    Although the original indictment did not charge Freeney with aggravated assault based on physically injuring the victim, *see* A.R.S. §§ 13-1203(A)(1), 13-1204(A)(1), he had abundant notice of her injuries — and the State's allegation that he had caused those injuries — from the dangerousness allegation in the indictment, the State's pretrial disclosures, and the joint pretrial statement.    He was not prejudiced by the State's motion to amend the indictment on the first day of trial and, thus, was not deprived of his Sixth Amendment right to adequate notice.[4]

---

[4]    An amended indictment that changes the nature of the offense by alleging new or different elements raises another constitutional issue: failure "to ensure that a neutral intermediary – a grand jury comprised of ordinary citizens – finds that probable cause exists *before* the State can bring charges."    *McKaney v. Foreman*, 209 Ariz. 268, 274-75 ¶ 31, 100

¶31     We hold that the trial court erred in granting the State's motion to amend the indictment under Rule 13.5(b) because the amendment changed the nature of the offense. We reject Freeney's arguments that the error is prejudicial per se, equates to a Sixth Amendment violation, and requires automatic reversal. Rather, violations of Rule 13.5(b) are subject to harmless error review and we conclude the error here was harmless beyond a reasonable doubt.

¶32     We vacate the opinion of the court of appeals and affirm Freeney's conviction.

_____

A. John Pelander, Justice

CONCURRING:


_____

Rebecca White Berch, Chief Justice

_____

P.3d 18, 24-25 (2004) (Hurwitz, J., dissenting in part and concurring in part); *see also* Ariz. Const. art. 2, § 30 ("No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment."). Thus, the analysis and result might well differ when such issues are raised in a pretrial petition for special action relief. Here, however, "any failure to have submitted an element to the grand jury for a finding of probable cause is perforce harmless error" because the jury found Freeney guilty beyond a reasonable doubt. *McKaney*, 209 Ariz. at 275 ¶ 33, 100 P.3d at 25 (Hurwitz, J., dissenting in part and concurring in part) (citing *United States v. Mechanik*, 475 U.S. 66, 73 (1986)).

_____
Andrew D. Hurwitz, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice