NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LAQUEESHA JANIEL BELVIN, *Appellant.*

No. 1 CA-CR 16-0167
FILED 2-28-2017

---

Appeal from the Superior Court in Maricopa County
No.  CR2015-005357-001
The Honorable Roland J. Steinle III, Retired Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew Charles Marcy
*Counsel for Appellant*

Laqueesha Janiel Belvin, Perryville
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1**    Laqueesha Belvin appeals her convictions and sentences for one count of drive-by shooting, three counts of aggravated assault, and one count of disorderly conduct. After searching the entire record, Belvin's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Belvin thereafter filed a supplemental brief *in propria persona*. After reviewing the record, we find no error. Accordingly, Belvin's convictions and sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**    On December 13, 2014, Belvin accompanied Valerie Y. to a club in Scottsdale to attend a birthday party. Between 1:30 and 2:00 a.m., the victim was speaking with a female outside the club when Belvin approached and interrupted. Belvin and the victim began arguing, and the victim called Belvin a "bitch." Belvin offered to fight the victim to settle their dispute, but he walked away.

**¶3**    Later, Valerie was waiting by her car when Belvin arrived and began searching for her gun in the car because "[s]omebody had called her a bitch." Eventually, Valerie slowly drove away from the club with Belvin sitting in the passenger seat. The victim was walking behind the car when Belvin leaned out the window and fired two shots at him while shouting, "I got your bitch right here." The victim attempted to run away after the first shot, but the second shot struck him in the leg, causing a fracture. Belvin was later apprehended and charged with one count of drive-by

---

[1]    We view the facts in the light most favorable to sustaining the jury's verdict, with all reasonable inferences resolved against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

shooting, three counts of aggravated assault, and one count of disorderly conduct.[2]

**¶4**  Belvin's eleven-day jury trial began in January 2016. The twelve-person jury ultimately found Belvin guilty as charged. The jury additionally found all five offenses to be dangerous and, because the offenses caused physical and/or emotional harm to the victim, aggravated. At sentencing, the trial court found Belvin's prior felony conviction to be another aggravating factor. The court weighed the aggravating and mitigating factors and sentenced Belvin as a dangerous, non-repetitive offender to a mitigated term of nine years' imprisonment for drive-by shooting, presumptive terms of seven-and-a-half years' imprisonment for the first two counts of aggravated assault, a presumptive term of six years' imprisonment for the third count of aggravated assault, and a presumptive term of two-and-a-quarter years' imprisonment for disorderly conduct, with all sentences to run concurrently. Belvin was also given credit for 445 days of presentence incarceration.

**¶5**  Belvin timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

### I. Belvin's Statements

**¶6**  In her supplemental brief, Belvin first argues the trial court improperly admitted statements made by her to the police before she was advised of her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). We review orders regarding the admissibility of a defendant's statements for an abuse of discretion. *See State v. Boggs*, 218 Ariz. 325, 335, ¶ 43 (2008) (citing *State v. Ellison*, 213 Ariz. 116, 126, ¶ 25 (2006)).

**¶7**  However, because Belvin never requested a voluntariness hearing, nor objected to the admission of her statements at trial, the State was not required to prove the statements were freely and voluntarily made. *See State v. Alvarado*, 121 Ariz. 485, 488 (1979) (noting the burden shifts to the State to prove the defendant's statements were freely and voluntarily

---

[2]  Belvin was also charged with one count of misconduct involving weapons, but that charge was severed and then later dismissed.

[3]  Absent material changes from the relevant date, we cite a statute's current version.

made only after the defendant requests a voluntariness hearing) (citing *State v. Knapp*, 114 Ariz. 531, 538 (1977), and *State v. Edwards*, 111 Ariz. 357, 361 (1974)). And although the recording of Belvin's interview does not include the case agent reading Belvin her *Miranda* warnings, the case agent documented and testified that he did in fact read those warnings to Belvin prior to her interview. Moreover, the jurors were appropriately instructed to only consider statements they determined were made voluntarily. The court did not abuse its discretion in admitting Belvin's statements.

## II.      Aggravated Assault Charges

¶8          Belvin next contends her three assault charges were "incoherent" because they arose out of a single act. Belvin was convicted of three counts of aggravated assault: (1) one for using a deadly weapon to cause the victim physical injury; (2) one for using a deadly weapon to place the victim in reasonable apprehension of imminent physical injury; and (3) one for using a means of force that caused the victim to fracture any body part. *See* A.R.S. §§ 13-1203(A)(1)-(2), -1204(A)(2)-(3). Because these three types of aggravated assault "are distinct offenses with different elements, not merely different manners of committing the same offense," *State v. Waller*, 235 Ariz. 479, 488, ¶ 29 (App. 2014) (citations omitted); *see also State v. Sanders*, 205 Ariz. 208, 216, ¶¶ 31-33 (App. 2003) (concluding A.R.S. § 13-1203(A)(2) and (A)(3) have different elements and are therefore "distinctly different crimes"), *overruled on other grounds by State v. Freeney*, 223 Ariz. 110 (2009), they could be charged as three separate crimes without constitutional implications. Furthermore, the trial court did not violate the prohibition against consecutive sentencing for a single act made punishable in different ways. *See* A.R.S. § 13-116 (requiring concurrent sentences where a defendant is convicted of multiple counts arising from "[a]n act or omission . . . made punishable in different ways by different sections of the laws").

## III.     Prejudicial Evidence

¶9          Belvin argues the trial court erred in admitting certain evidence because, she contends, it was unfairly prejudicial. Trial courts are granted considerable leeway in determining the relevancy and admissibility of evidence, and we review those orders for an abuse of discretion. *State v. Smith*, 136 Ariz. 273, 276 (1983) (citing *State v. Starks*, 122 Ariz. 531, 534 (1979)).

¶10 Belvin first challenges Valerie's testimony regarding the gun she saw Belvin grab the night of the shooting. Prior to Valerie's testimony, the trial court instructed that she could not mention Belvin's criminal history. Attempting to describe the gun she saw Belvin grab, Valerie mentioned twice that she had seen Belvin with a similar-looking gun prior to the night of the incident. Defense counsel objected and moved for a mistrial, alleging that Valerie's comments on observing Belvin with a gun prior to the night in question were so prejudicial as to preclude Belvin from receiving a fair trial. The court overruled the objection and denied the motion, declaring that Valerie's testimony corroborated her description of the gun Belvin grabbed the night of the incident, and Belvin's legal possession of a gun prior to the incident was not overly prejudicial. Because this testimony corroborated the accuracy of an eyewitness' description of the gun purportedly used in the shooting, it was substantially probative, and the court did not abuse its discretion by allowing such testimony.

¶11 Belvin also argues admission of evidence that bullets of a different caliber than those found near the victim were found in her home was overly prejudicial. Because Belvin never objected at trial, she has the burden of proving on appeal that admitting the evidence constituted fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Admission of evidence of the bullets was neither fundamental error, *see id.* (describing fundamental error as "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial") (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984), and citing *State v. Gendron*, 168 Ariz. 153, 155 (1991)), nor prejudicial, because Belvin had the opportunity to cross-examine the case agent regarding the different caliber of the bullets. *See id.* at ¶ 20. We find no error.

## IV. Witness Statements

¶12 Belvin argues the trial court erred by allowing certain witnesses to reread their statements to police prior to testifying. However, "[w]hen a witness does not remember making a particular statement," as happened multiple times in this case, Arizona Rule of Evidence 612 "permits the use of a writing to refresh memory for the purpose of testifying." *State v. Ortega*, 220 Ariz. 320, 330, ¶ 33 (App. 2008). The statement may be presented to the witness during or before his testimony. Ariz. R. Evid. 612(a). If the witness' memory remains faulty, the particular writing may be read into the record. *Ortega*, 220 Ariz. at 330, ¶ 33 (citing Ariz. R. Evid. 803(5), and *State v. Salazar*, 216 Ariz. 316, 318 n.2, ¶ 8 (App.

2007)). The court did not err by allowing witnesses to refresh their recollection of prior statements.

## V.    Discovery

¶13        Belvin argues the trial court erred in admitting into evidence a picture of a gun found on her phone because it was not timely disclosed by the State. Because Belvin did not bring any alleged disclosure violation to the court's attention, this argument is waived on appeal. *See State v. Raffaele*, 113 Ariz. 259, 262 (1976).

## VI.    Sufficiency of Evidence

¶14        We interpret the remainder of Belvin's contentions as challenges to the sufficiency of the evidence upon which she was convicted. We review the sufficiency of the evidence *de novo*, *State v. Felix*, 237 Ariz. 280, 289, ¶ 30 (App. 2015) (quoting *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011)), and will reverse "only where there is a complete absence of probative facts to support the conviction," *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)). We do not reweigh the evidence and defer to the jury's resolution of any inconsistencies therein. *See State v. Parker*, 113 Ariz. 560, 561 (1976) ("[I]t is the jury's function to weigh the evidence as a whole, to resolve any inconsistencies therein and then to determine whether or not a reasonable doubt exists.") (citing *State v. Money*, 110 Ariz. 18, 25 (1973)).

¶15        A person is guilty of drive-by shooting if she "intentionally discharg[es] a weapon from a motor vehicle at a person, another occupied motor vehicle or an occupied structure." A.R.S. § 13-1209(A). She commits assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person," or by "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." A.R.S. § 13-1203(A)(1), (2). The offense is aggravated if, in the course of the assault, "the person uses a deadly weapon or dangerous instrument" or "causes . . . a fracture of any body part." A.R.S. § 13-1204(A)(2), (3). Disorderly conduct occurs if a person "with intent to disturb the peace or quiet of a . . . person, or with knowledge of doing so, such person: . . . [r]ecklessly handles, displays or discharges a deadly weapon or dangerous instrument." A.R.S. § 13-2904(A)(6).

¶16        Here, two eyewitnesses either testified or provided statements to police describing how Belvin, while leaning out of the passenger-side window of the vehicle in which she was riding, fired two shots at the victim, hitting him once, and causing a bone in his leg to

fracture. Moreover, the victim explained to police that, immediately before he was shot, he heard "the same voice as the female subject he had the argument [with] earlier" yell out "something about bitch" as he was walking past her vehicle. Although, as Belvin notes, some witnesses testified differently from their original statements to police, weighing a witness' biases or testimonial discrepancies, and resolving evidentiary conflicts generally, are particularly within the province of the jury. On this record, we find the State presented sufficient evidence that Belvin committed the five offenses for which she was convicted, that they were dangerous offenses, and that the offenses caused harm to the victim.

¶17 Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Belvin was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). At sentencing, Belvin was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-105(13), -704(A), -1204(D), -1209(D), -2904(B).

**CONCLUSION**

¶18 Belvin's convictions and sentences are affirmed.

¶19 Defense counsel's obligations pertaining to Belvin's representation in this appeal have ended. Counsel need do no more than inform Belvin of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶20 Belvin has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we grant Belvin thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA