NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GABRIEL BEDONIE, *Appellant*.

No. 1 CA-CR 20-0593
FILED 2-3-2022

Appeal from the Superior Court in Maricopa County
No.  CR 2019-151488-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1   Gabriel Bedonie appeals from his convictions and sentences for armed robbery and aggravated assault. Bedonie argues that allowing the State to amend the indictment during his motion for judgment of acquittal under Arizona Rules of Criminal Procedure (Rule) 20 violated Rule 13.5 and caused him prejudice. Bedonie also argues that the court's failure to follow Rule 26.10(a) at the sentencing hearing renders his sentence incomplete and invalid. Finding no prejudice in the court's decision to grant an amendment to the indictment and no error in the court's sentencing, we affirm.

**BACKGROUND**

¶2   On an afternoon in November of 2019, a gentleman rode home from school on the light rail. Bedonie boarded the train, sat next to him, and began making "erratic" movements. Bedonie stood and began speaking to the gentleman, who noticed Bedonie was holding a knife. Bedonie demanded the gentleman's phone and, after a failed attempt to defuse the situation, the gentleman ultimately surrendered his phone. Bedonie got off the train with the phone at the next station.

¶3   Another passenger, witnessing the encounter, got off the train and followed Bedonie. While on the light rail platform, the passenger tried to grab either the knife or phone from Bedonie and a struggle ensued. Bedonie chased the passenger down the platform and eventually Bedonie ran into a nearby neighborhood. Officer Peters arrived at the light rail station and saw Bedonie running down an alley. Officer Peters apprehended and later arrested Bedonie, who did not possess a knife at that time. Police never found the knife used to threaten the victims on the light rail.

¶4   The State charged Bedonie with one count of armed robbery, a class two felony, and two counts of aggravated assault, both class three felonies. The issue at trial, according to Bedonie, was whether the knife met

the statutory definition of "a deadly weapon or dangerous instrument." *See* A.R.S. § 13-1904(A)(2). The original indictment alleged that Bedonie

> was armed with a deadly weapon or simulated deadly weapon, in violation of A.R.S. §§ 13-1904, 13-1901, 13-1902, 13-701, 13-702, and 13-801. The State further alleges that the offense charged in this count is a dangerous felony because the offense involved the discharge, use, or threatening exhibition of a knife, a deadly weapon or dangerous instrument, in violation of A.R.S. §§ 13-105 and 13-704.

**¶5**         After the State rested, Bedonie made his Rule 20 motion arguing that the knife was too small to be considered a deadly weapon and thus the State did not meet its burden of proof for the armed robbery count. Bedonie asserted that the only way the State could move forward would be to amend the indictment to reflect the use of a dangerous instrument, rather than deadly weapon. The judge questioned whether an amendment was necessary, considering the last paragraph of count 1 alleges the count is charged as a dangerous offense because the conduct involved the discharge or a deadly weapon *or dangerous instrument*. Bedonie argued that the dangerous instrument language only relates to the sentencing enhancement and cannot be used to supplement the omission under the armed robbery as charged in the indictment.

**¶6**         The State argued that Bedonie had notice of the deadly weapon or dangerous instrument portion of the offense charged, regardless of the wording of the indictment. The State pointed out that the term "dangerous instrument" is included in all three counts in the indictment and Bedonie had notice of the State's intentions. The State also contended that even without amending the indictment, the State could still prevail under the deadly weapon theory of armed robbery as charged.

**¶7**         The superior court then allowed the State to amend the indictment to include both "deadly weapon" and "dangerous instrument" in count 1, and denied Bedonie's Rule 20 motion. The amended indictment alleges that "Gabriel Grey Bedonie or an accomplice used or threatened to use a deadly weapon or dangerous instrument, in violation of A.R.S. §§ 13-1904, 13-1901, 13-1902, 13-701, 13-702, and 13-801." The court found that regardless of whether the "dangerous instrument" language was in the sentencing enhancement section, the indictment indicated that a knife was involved and referenced the knife as a deadly weapon or dangerous

instrument. The court also found that the jury had sufficient evidence to decide if the knife constituted a deadly weapon or dangerous instrument.

**¶8** Bedonie objected to the amendment and requested the State indicate which subsection of the armed robbery statute it intended to proceed under. The court held that the State may argue either or both subsections. At the conclusion of the trial, the jury returned guilty verdicts on all three counts.

**¶9** At Bedonie's first sentencing hearing, held to determine Bedonie's prior felony convictions, the superior court asked which sentencing statute the State would be proceeding under A.R.S. § 13-703 (category 3 nondangerous repetitive offender) or § 13-704 (repetitive or nonrepetitive dangerous offender). The State indicated it would be proceeding under § 13-703, category 3 nondangerous offender sentencing statute. *Id.*

**¶10** At the second sentencing hearing, the superior court pronounced Bedonie's sentence: a concurrent presumptive term for each count. The court's sentencing order reflected the presumptive sentences for each count, as described in the parties' joint pretrial statement. Bedonie timely appealed.

## DISCUSSION

**¶11** Bedonie raises two issues on appeal. First, he challenges the superior court's decision to grant the State's amendment to the indictment after it rested. Second, he challenges the superior court's failure to pronounce orally the exact number of years in his sentence and whether he was sentenced under A.R.S. § 13-703 or § 13-704. We address each argument in turn.

**I. Was it error for the court to allow the State to amend the Indictment during Bedonie's Rule 20 motion?**

**¶12** Bedonie argues that the trial court erred by granting the State's amendment to the indictment during his Rule 20 motion, which is outside of the time limits set forth in Rule 16.1. Bedonie argues that because the amendment did not address a technical defect or mistake of fact, the amendment changed the nature of the charged offense. Bedonie contends that the amendment changed the elements of the offense substituting the allegation that Bedonie "was armed with a deadly weapon or simulated deadly weapon" with "used or threatened to use a deadly weapon or

dangerous instrument." He argues that this alleged error caused him prejudice.

¶13            "[T]he State may amend an indictment . . . to add allegations of one or more prior convictions and other noncapital sentencing allegations that must be found by a jury." Ariz. R. Crim. P. Rule 13.5(a). The State must move to amend an indictment "no later than 20 days before trial." *Id.*, 16.1(b). And the superior court "has considerable discretion in resolving motions to amend an indictment." *State v. Delgado*, 174 Ariz. 252, 254 (App. 1993). Without the defendant's consent, the State may only amend an indictment "to correct mistakes of fact or remedy formal or technical defects." Ariz. R. Crim. P. 13.5(b); *see also State v. Freeney*, 223 Ariz. 110, 111, ¶ 1 (2009). We review violations of Rule 13.5(b) for harmless error. *Freeney*, 223 Ariz. at 114, ¶ 26. The State has the burden to prove the error "was harmless beyond a reasonable doubt." *Id.*

¶14            Rule 13.5 is violated when the State amends the indictment without the defendant's consent and the amendment changes the nature of the offense or prejudices the defendant. *See State v. Bruce*, 125 Ariz. 421, 423 (1980) (finding a formal or technical defect exists when the "amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way."). When the elements of the amended charge are materially different from the original charge, even if the elements are subsections within the same statute, a violation of Rule 13.5 has occurred. *Freeney*, 223 Ariz. at 113, ¶ 16.

¶15            As relevant here, the armed robbery statute contains two subsections:

> A person commits armed robbery if, in the course of committing robbery as defined in § 13-1902, such person or an accomplice:
>
> 1. Is armed with a deadly weapon or a simulated deadly weapon; or
>
> 2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon.

A.R.S. § 13-1904(A). The subsections are not distinct charges but simply reflect different ways to commit the offense of armed robbery. *See State v. Gomez*, 251 Ariz. 230, 234, ¶¶ 8, 10 (App. 2021) (defining "alternative-means statutes" as those which "define a specific crime (a 'single unified offense') and provide various ways the one crime may be committed"). "If proof of

5

one subsection is impossible without proof of another," then the subsections denote alternate ways to commit a single offense and not distinct offenses. *Id*. at 236, ¶ 16. In contrast, statutes that contain distinct offenses "set forth several distinctive acts and make the commission of each a separate crime . . . [they] list *elements* in the alternative, and thereby define multiple crimes." *Id*. at 234, ¶ 9 (quotation omitted) (emphasis added).

¶16        The statute at issue here, section 13-1904, is a single offense that may be committed in more than one way: when a defendant is armed with a deadly weapon or simulated deadly weapon *or* when a defendant uses or threatens to use a deadly weapon or dangerous instrument. The elements required to prove the different subsections are not materially different and do not create separate and distinct crimes. Here, the amendment did not substitute a different element of the charged offense nor did it add offenses different than those contained in the indictment.

¶17        Bedonie argues that he was prejudiced by the amendment because he could no longer rely on his theory of defense—that the knife was not a deadly weapon. He also argues that the timing of the amendment prejudiced him because it deprived him of his right confer with counsel and to present a complete defense, thereby violating his procedural due process rights. Bedonie contends that he did not have time to prepare a new defense for the amended charge and that the Rules of Criminal Procedure were unfairly applied.

¶18        A violation of Rule 13.5(b) is not "prejudicial per se" nor is a violation automatically a "structural error." *Freeney*, 223 Ariz. at 114, ¶ 26. A defendant is not harmed by an amendment when the record shows that the defendant had notice of what the State was "alleging and intending to prove" before trial. *Id*. at ¶ 27 (finding that defendant's notice came from pretrial disclosures, the State's intent to call certain witnesses, the State's allegations of dangerousness, the joint pretrial statement, and defendant's own acknowledgment of notice); *see also Bruce*, 125 Ariz. at 423 (rejecting defendant's prejudice argument when the record shows the defendant "had notice of the discrepancies . . . well before trial.").

¶19        Here, Bedonie had notice of what the State was alleging and intending to prove before trial. The indictment included the "deadly weapon or dangerous instrument" language in every count, including the sentencing enhancement provisions of count 1. In the joint pretrial statement, the State alleged that "the defendant committed an armed robbery by using or threatening to use force with a knife." And the State's witnesses included the victims from the light rail, both of whom testified

that Bedonie threatened the victim with a knife. Moreover, Bedonie acknowledged, through counsel, that he was aware of the State's theory of the case when he made his Rule 20 motion and expressed his concern the State would attempt to use the dangerous instrument subsection. Because Bedonie had notice of what the State was alleging and intending to prove, we conclude the amendment was not prejudicial.

## II. Did the court err in failing to pronounce orally Bedonie's sentencing scheme and number of years at his sentencing hearing?

¶20 Bedonie next argues that the superior court violated his due process rights by failing to orally pronounce the number of years in Bedonie's sentence and clarify whether the court was sentencing him under A.R.S. § 13-703 or § 13-704.

¶21 Bedonie did not object to the superior court's pronouncement of his sentence at the time of the hearing and so we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018). Under fundamental error review, the defendant must show "that the error goes to the foundation of the defendant's case, takes away a right essential to the defense, or is of such magnitude that it denied the defendant a fair trial." *Id*. The defendant is only required to prove one of the three prongs. *Id*. at 140–41, ¶ 16. The defendant must also show the error was prejudicial before we will reverse the court's order. *Id*. at 138, ¶ 1.

¶22 Bedonie argues that his sentence is incomplete and invalid because the superior court failed to pronounce orally the exact number of years of his sentence. He contends that failing to orally pronounce the exact number of years and relying on a filed minute entry instead is not a legal or valid sentencing method. Bedonie argues this is prejudicial because he does not know whether he received the sentence the court intended.

¶23 Bedonie's sentencing occurred in two separate hearings. At the first hearing, the court announced that he would be sentenced under the repetitive nondangerous sentencing statute. At the second hearing, Bedonie's counsel acknowledged his understanding that the State only sought the nondangerous category 3 sentencing enhancement.

¶24 "The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court." Ariz. R. Crim. P. Rule 26.16(a). When it pronounces a sentence, the court must "explain to the defendant the terms of the sentence." Ariz. R. Crim. P. Rule 26.10(b)(3). The superior court did not orally pronounce the exact number of years of Bedonie's sentence, nor did it announce the

sentencing scheme at the second hearing. The court explained, however, that it was imposing presumptive sentences and those sentences would run concurrently. And the parties had already acknowledged the presumptive sentences for each charge in the joint pretrial statement. Further, nothing in the record shows a discrepancy between the oral sentencing and the written sentencing order.

¶25 Even if we assume the court erred by failing to announce the sentencing scheme or the exact number of years of Bedonie's sentence at the second sentencing hearing, the error is not fundamental. It does not go to the foundation of the State's case, nor does it deprive Bedonie of a constitutional or statutory right, nor is it "so egregious" that Bedonie did not receive a fair trial. *See Escalante*, 245 Ariz. at 141, ¶¶ 18–20. Bedonie had clear notice of the State's intention and the court's understanding of the statutory scheme it would follow in imposing sentence. Bedonie does not challenge the propriety of the application of the statutory scheme nor does he challenge the amount of time imposed by the court was in error. Finding no fundamental error in Bedonie's sentence, we reject his request for a new hearing.

**CONCLUSION**

¶26 We affirm Bedonie's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA

8