NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID JAMES MCKINNEY, *Appellant.*

No. 1 CA-CR 22-0415
FILED 12-03-2024

Appeal from the Superior Court in Maricopa County
No. CR2019-138240-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

¶1          Defendant David James McKinney appeals his convictions and sentences for two counts of aggravated driving under the influence ("DUI").  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          We view the evidence in the light most favorable to upholding the jury's verdict. *State v. Tamplin*, 195 Ariz. 246, ¶ 2 (App. 1999). McKinney was indicted for two counts of aggravated driving or actual physical control while under the influence and one count of possession of marijuana; the State later dismissed the marijuana charge.  In March 2022, McKinney waived his right to counsel and chose to represent himself.  The court appointed advisory counsel for all further proceedings.

¶3          At McKinney's four-day trial in June 2022, the State first presented testimony by a Phoenix Crime Lab toxicology supervisor, who provided her opinion of McKinney's blood alcohol content ("BAC") within two hours of McKinney's reported contact with police.  The State also presented a law enforcement officer's testimony that a pedestrian notified her that "they observed a vehicle hit a pedestrian on a bicycle and then crash into a pole," to which McKinney objected.  The officer went on to testify that she approached the indicated vehicle and noticed the engine was running and the windshield wipers were active.  She stated McKinney was the only person in the vehicle and it appeared he was trying to hide. The responding officer also testified McKinney was holding a bottle of alcohol and appeared impaired.  McKinney objected several times throughout the State's case-in-chief.

¶4          Following the presentation of evidence, McKinney moved for a judgment of acquittal under Rule 20.  The court denied McKinney's motion and submitted both counts to the jury for consideration.  The jury found McKinney guilty of both counts, and, given his prior criminal

history, he was sentenced as a category three offender to two ten-year terms of imprisonment, to be served concurrently.

**¶5** McKinney timely appealed and counsel filed an *Anders* brief, which this court subsequently struck. The court's order requested further briefing to address nonfrivolous issues, including the indictment's language in count 2 and two of the responding officer's statements the superior court admitted over McKinney's objection. McKinney filed such a brief; the State filed a response and McKinney filed a reply. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I. Adequacy of the Indictment.

**¶6** Because McKinney did not make a specific objection to the indictment before the superior court, we review for fundamental error. *State v. Trammell*, 245 Ariz. 607, 608, ¶ 4 (App. 2018) (citation omitted). He bears the burden of showing both that fundamental error exists and that he is prejudiced by it. *Id.*

**¶7** McKinney argues that the indictment did not properly allege an alternative manner in which count 2 could have been committed, seemingly asserting the indictment ran afoul of Arizona's Rules of Criminal Procedure and the Sixth Amendment's notice requirement. *See State v. Freeney*, 223 Ariz. 110, 114, ¶ 24 (2009); *see also* Ariz. R. Crim. P. 13.5(b). He argues fundamental error exists because "the State failed to include all of the information in the Indictment which would fully advise [McKinney] of the nature and charges against him," specifically regarding count 2 of the indictment. Citing A.R.S. § 28-1381(A)(2), among other statutes, count 2 alleges McKinney:

> did drive or be in actual physical control of a vehicle, while there was an alcohol concentration of 0.08 or more in his body within two hours of the time of driving, while his driver's license or privilege to drive was suspended, cancelled, revoked or refused, or while a restriction is placed on the person's driver's license or privilege to drive . . .

The statute criminalizes "an alcohol concentration of 0.08 or more within two hours of driving *or being in actual physical control of the vehicle*." A.R.S. § 28-1381(A)(2) (emphasis added). McKinney argues his conviction should be reversed because the language of the indictment did not include the above-emphasized language, and "the lack of information set forth in the complaint is insufficient to inform [McKinney] of the charges against him."

**¶8** However, the complete phrase – specifying a "blood alcohol concentration of 0.08% or more within two hours of driving *or being in actual physical control*" (emphasis added) – was read during jury selection and included in both the preliminary and final jury instructions.

**¶9** Absent the defendant's consent, "a charge may be amended only to correct mistakes of fact or remedy formal or technical defects." Ariz. R. Crim. P. 13.5(b). An amendment violates this rule if it changes the nature of the offense charged, such as when "elements of one offense materially differ from those of another—even if the two are defined in subsections of the same statute." *Freeney*, 223 Ariz. at 113, ¶ 16.

**¶10** McKinney suggests such an amendment here was improper under Rule 13.5(b), arguing the indictment as originally written contains a "major defect in the elements of the crime charged and not merely a technical defect." However, McKinney fails to show how the amendment changed the nature of the offense. *Freeney*, 223 Ariz. at 113, ¶ 16. Contrary to McKinney's argument, in *State v. Rivera*, this court explained that under DUI statutes, "driving" and "actual physical control" should be understood as "alternative (and not mutually exclusive) ways of violating the DUI laws by either driving or non-driving behavior." 207 Ariz. 69, 72–73, ¶ 10 (App. 2004). Thus, "driving and actual physical control" are better viewed as "alternative 'theor[ies] of culpability'" rather than "independent crime[s]." *Id.* Because the indictment charges McKinney under this alternative-means statute, it "need not inform the defendant of the theory by which the state intends to prove that charge so long as the defendant receives sufficient notice to reasonably rebut the allegation." *Id.* at 69, ¶¶ 12–13. Accordingly, the amendment here did not change the nature of the crime McKinney was charged with. *See Freeney*, 223 Ariz. at 113, ¶ 16 (citation omitted).

**¶11** McKinney also fails to show prejudice. McKinney does not contend the amendment prejudiced "his litigation strategy, trial preparation, examination of witnesses, or argument; nor did he request a trial continuance or recess." *Freeney*, 223 Ariz. at 115, ¶ 28 (citing *State v. Ramsey*, 211 Ariz. 529, 533 ¶ 7 (App. 2005)). Thus, he has not met his burden under fundamental error review. *See State v. Johnson*, 198 Ariz. 245, 248, ¶

57 (App. 2000).  For these same reasons, McKinney has shown no Sixth Amendment violation.  *Freeney*, 223 Ariz. at 114, ¶ 26 (A defendant is not prejudiced, and the Sixth Amendment's notice requirement is satisfied, so long as he "received actual notice of the charges" against him from any source.).

II.         Hearsay.

¶12         "We review a trial court's ruling on the admissibility of evidence over hearsay objections for abuse of discretion."  *State v. Chavez*, 225 Ariz. 442, 443, ¶ 5 (App. 2010).  McKinney argues the court erred by allowing the State to introduce "two hearsay statements"[1] as part of the responding law enforcement officer's trial testimony.  In the first statement at issue, the officer testified she got involved in the case because she was "flagged down by a citizen" who "said that they observed a vehicle hit a pedestrian on a bicycle and then crash into a pole."  McKinney objected on hearsay grounds, and the court instructed the officer to "stop [her] answer at that."  On appeal, McKinney argues this statement is impermissible hearsay that is "testimonial in nature."

¶13         A statement is not hearsay if it is not offered for the truth of the matter.  *See* Ariz. R. Evid. 801(c).  Here, the record supports a finding that this statement was not offered to prove that McKinney struck a pedestrian and then crashed into a pole; rather, the statement was offered to show how the officer became involved in the case.  During closing argument, the State asserted that McKinney "hit or almost hit a pedestrian, which is not what we're here for. We're here for the DUI."  The State again mentioned the pedestrian, conceding that "there was no pedestrian here to testify about what would happen," but adding that "the State is not required to put that person on the stand. That pedestrian is the reason that [the] Officer [] was flagged down and stopped that day, August 13th of

---

[1]       McKinney also argues that admission of the two statements resulted in a violation of the Confrontation Clause under the Sixth Amendment to the U.S. Constitution.  Because the first statement was not offered for its truth, it cannot be deemed testimonial, and the Confrontation Clause was not properly invoked.  The second statement was made at trial, by a testifying witness, who McKinney cross-examined.  The right to confrontation of the witness was met and the Confrontation Clause argument is inapplicable.  Therefore, we do not consider these arguments further.

2019. That's why the investigation started. That's absolutely not why it continued."

**¶14**        McKinney waived any objection to testimony regarding his colliding with a person on a bicycle when he elicited this testimony himself. The following exchange took place:

> McKinney:    When you were flagged down, what was the – what were you flagged down for?
>
> Witness:       For the white vehicle that you were driving collided with a person on a bike and then collided with a pole in a parking lot.

On this record, McKinney has neither shown the officer's statement was hearsay, nor that it was error to allow its introduction.

**¶15**        Turning to the officer's second statement, McKinney argues it was error to introduce the officer's testimony that she was "flagged down at 22:27 or 8:00pm." We assume he refers to the officer's answer when the State asked her what time she responded to the scene; she replied that she was "flagged down at 2227, so 8:00 p.m." McKinney made a general objection to the statement, which the court overruled.

**¶16**        However, the officer's testimony that she responded to the scene around 8:00 p.m. is not an out-of-court statement, *see* Ariz. R. Evid. 801(c), but rather her own in-court testimony based upon her personal knowledge of the facts. On this record, McKinney has not shown the admission of the officer's testimony was improper under the Arizona Rules of Evidence. Accordingly, McKinney has not shown error.

III.        Sufficiency of Evidence.

**¶17**        McKinney argues the superior court erred in denying his Rule 20 motion, a ruling we review de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). When reviewing the evidence, the question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (internal citation and quotations omitted).

**¶18**        In reviewing the sufficiency of the evidence, we test the evidence "against the statutorily required elements of the offense," *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005), and neither reweigh conflicting

evidence nor assess witnesses' credibility, *see State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (quotation omitted). Sufficient evidence may be direct or circumstantial. *Id.*

¶19 McKinney correctly notes that, for count 1, the State was required to prove he "did drive or was in actual physical control of a vehicle while under the influence of an intoxicating liquor, while his driver's license or privilege to drive was suspended, cancelled, revoked, or refused." McKinney argues the State did not make the required showing because the State "failed to bring in any witnesses who testified that [McKinney] was actually driving," and "[n]o identification placed [McKinney] on the road behind the wheel in the vehicle."

¶20 However, sufficient trial evidence supported the jury's guilty verdict here. The responding officer testified she arrived on scene to find a white vehicle had crashed into a pole. McKinney was the only person inside the car, and he was "laying down in the drivers' seat" while reaching around the area. The officer also testified the vehicle was on, "the windshield wipers were going," and there was "a bottle of alcohol on the seat." The officer added that McKinney "looked like he tried to start the ignition even though it was still on and then tried to put it in drive and reverse, but it was stuck on the pole, I think." The responding officer also testified that McKinney had a bottle of alcohol in his hands when she opened the door of his vehicle, and that he showed symptoms of impairment, including "[b]lood shot, watery eyes, slurred speech . . . [and] impaired movement."

¶21 The jury could infer from these facts that McKinney had recently driven the car into the pole. *See State v. Larriva*, 178 Ariz. 64, 66 (App. 1993); *see also Potter v. Arizona Dept. of Transp.*, 204 Ariz. 73, 78, ¶ 17 (App. 2002) (holding a driver is not immune "from prosecution for DUI if the state can prove that the person had driven while intoxicated before surrendering control of his or her vehicle.").

¶22 Even if the jury did not infer that McKinney drove while under the influence, it could reasonably conclude that he violated the charged statute by being in "actual physical control" of a vehicle while impaired. Noting Arizona's DUI statutes do not define "actual physical control," "whether a driver had actual physical control is a question for the fact finder and should be based upon consideration of all the

circumstances." *State v. Love*, 182 Ariz. 324, 328 (1995). Because the State provided evidence that McKinney was awake, in the driver's seat, with the engine running, the jury could reasonably conclude he had actual physical control of his vehicle when the responding officer approached him.

¶23 For count 2, the State was required to prove McKinney had "an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle." A.R.S. § 28-1381(A)(2). McKinney argues the State failed to meet its burden because "the State is unable to show that he consumed alcohol within two hours of driving or being in actual physical control of the vehicle. At some unknow[n] point he pulled over and it is unclear if he drank before or after."

¶24 In addition to the responding officer's description of McKinney's symptoms of impairment, the jury also heard from the Phoenix Crime Lab toxicology supervisor. She testified that, based on retrograde extrapolations, she could estimate McKinney's BAC within two hours of the police stop, which was reported to have occurred at 10:25 p.m., or "2225 hours." The toxicologist testified that McKinney's blood kit indicated that, at 1:35 a.m., the time it was drawn, he had a BAC of 0.265. If McKinney had physical control of his vehicle around 10:25 p.m., when he encountered police, his BAC "just within two hours" of that physical control was estimated to range between 0.251 and 0.308 at 12:24 a.m.

¶25 On the evidence presented, the jury could reasonably infer McKinney had "an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical control" of his vehicle. *See* A.R.S. § 28-1381(A)(2). Accordingly, the superior court did not err in denying McKinney's motion for new trial.

## CONCLUSION

¶26 For the foregoing reasons, we affirm McKinney's convictions and resulting sentences.

