93 P.3d 532

**STATE of Arizona, Appellee,**

v.

**Timothy P. McDERMOTT, Appellant.**

**No. 1 CA–CR 03–0683.**

Court of Appeals of Arizona,
Division 1, Department D.

July 8, 2004.

Peter Van Haren, City of Phoenix Attorney By Gary L. Shupe, Assistant City Prosecutor, Phoenix, Attorneys for Appellee.

Victor & Hall, P.L.C. By Marc J. Victor, Mesa, Attorneys for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Timothy McDermott challenges the superior court's determination that Arizona Revised Statutes ("A.R.S.") § 13–3102(F) (2001)[1] is not unconstitutionally vague as applied to A.R.S. § 13–3102(A)(1).[2] Specifically, he presents the questions whether the word "luggage" in § 13–3102(F) includes a "fanny pack" and, alternatively, whether the word "luggage" in subsection (F) as applied to § 13–3102(A)(1) is unconstitutionally vague and therefore violative of due process. For the reasons below, we affirm and remand for further proceedings.

¶ 2 Two Phoenix police officers stopped McDermott for speeding. As one of the officers approached his truck, McDermott stepped out, wearing a fanny pack around his waist. After talking with the officer, McDermott removed the pack and placed it in the bed of the truck. When the officer moved the pack, he felt what proved to be a handgun. McDermott was charged in Phoenix Municipal Court with violating A.R.S. § 13–3102(A)(1), the prohibition against carrying a concealed weapon on one's person without a permit.

¶ 3 McDermott moved to dismiss the complaint, contending that his conduct was lawful because a fanny pack falls within the luggage exception in A.R.S. § 13–3102(F). He claimed in the alternative that, if "luggage" is construed to exclude such packs, the statute is unconstitutionally vague. The municipal court granted McDermott's motion, finding that a fanny pack is not luggage but that the word "luggage" as used in the statute is unconstitutionally vague.

¶ 4 The City appealed to the Maricopa County Superior Court, which similarly ruled that a fanny pack is not luggage within the meaning of A.R.S. § 13–3102(F). The court found, however, that the municipal court erred in determining that the statute is unconstitutionally vague. It reversed and remanded the case to municipal court, and McDermott appealed to this court. He contends that either the exception for luggage includes a fanny pack or the statute is unconstitutionally vague because it fails to provide adequate notice of what constitutes unlawful conduct and allows arbitrary enforcement.

¶ 5 McDermott's case was filed in municipal court so our review is *de novo* but limited to the facial validity of the statute. *State v. Kaiser*, 204 Ariz. 514, 516–17 ¶ 4, 65 P.3d 463, 465–66 (App.2003); *State v. McMahon*, 201 Ariz. 548, 550 ¶¶ 3, 5, 38 P.3d 1213, 1215 (App.2002); *see also* A.R.S. § 22–375 (2002). Our primary analytical goal is to fulfill the purpose of the legislature. *State v. Cabrera*, 202 Ariz. 296, 299 ¶ 14, 44 P.3d 174, 177 (App.2002). If the statutory language is clear and unambiguous, we give it effect and do not employ other rules of statutory construction to discern the legislature's intent. *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003). In this regard, we consider the statutory scheme as a whole and presume that the legislature does not include statutory "provisions which are redundant,

---

1. Section 13–3102(F) provides:
   Subsection A, paragraph 1 of this section shall not apply to a weapon or weapons carried in a belt holster which holster is wholly or partially visible, or carried in a scabbard or case designed for carrying weapons which scabbard or case is wholly or partially visible or carried in luggage. Subsection A, paragraph 2 of this section shall not apply to a weapon or weapons carried in a case, holster, scabbard, pack or luggage which is carried within a means of transportation or within a storage compartment, trunk or glove compartment of a means of transportation.

2. Section 13–3102(A)(1) provides that "[a] person commits misconduct involving weapons by knowingly ... [c]arrying a deadly weapon without a permit pursuant to § 13–3112 except a pocket knife concealed on his person." In contrast, A.R.S. § 13–3102(A)(2) provides that a person commits misconduct involving weapons if that person carries "a deadly weapon without a permit pursuant to § 13–3112 concealed within immediate control of any person in or on a means of transportation."

void, inert, trivial, superfluous, or contradictory." *State v. Moerman,* 182 Ariz. 255, 260, 895 P.2d 1018, 1023 (App.1994).

¶ 6 The analysis in *Moerman* is instructive in determining whether a fanny pack is luggage for purposes of A.R.S. § 13–3102(A)(1) because an issue in that case was whether such a pack, worn around a person's waist, could be classified as a "case" as listed in § 13–3102(F). *Id.* We noted an important difference between the first and second sentences of subsection (F): The first sentence exempts concealed weapons carried on one's person in a holster, scabbard or case, but the second sentence adds "pack" to the list, creating a broader exemption for weapons carried within a means of transportation. *Id.* This distinction led to the conclusion that the legislature did not consider a fanny pack to be a "case." *Id.* at 260–61, 895 P.2d at 1023–24.

■ ¶ 7 The same reasoning applies to answer McDermott's question. Both the first and second sentences of A.R.S. § 13–3102(F) include the word "luggage," but the word "pack" appears only in the latter sentence. By excluding a "pack" from the classes of containers in which an individual may lawfully carry a concealed weapon on his person, the legislature indicated its intent to exclude any container that could be construed as a "pack" from qualifying as "luggage." *Boynton v. Anderson,* 205 Ariz. 45, 47 ¶ 8, 66 P.3d 88, 90 (App.2003) (utilizing the established rule of construction *"expressio unius est exclusio alterius,"* meaning "the expression of one or more items of a class indicates an intent to exclude all items of the same class which are not expressed" (citations omitted)).

¶ 8 Had the legislature intended to allow a weapon to be carried in a pack on one's person, it could easily have done so by listing "pack" with "luggage" and the other items in the first sentence of A.R.S. § 13–3102(F). Indeed, had the lawmakers wished to include a pack within the classification of "luggage," there would have been no need to separately specify the two classes of containers because that categorization would have been redun-

dant or superfluous. *See Moerman,* 182 Ariz. at 260, 895 P.2d at 1023. Since the legislature deliberately listed "pack" in the second sentence but not in the first and because the legislature distinctly separated "packs" and "luggage," it must not have intended to exempt weapons concealed in packs, including fanny packs, from the general prohibition against carrying a concealed weapon on one's person.

■ ¶ 9 In analyzing a statute's meaning, we also "presume that the legislature is aware of the existing case law and that, if it revises a statute and retains the language on which we have based our decisions, the legislature agrees with our interpretation of the statute." *State v. Bonillas,* 197 Ariz. 96, 97 ¶ 5, 3 P.3d 1016, 1017 (App.1999). In *Moerman,* we held that a fanny pack is not included in the definition of "luggage," 182 Ariz. at 260 n. 4, 895 P.2d at 1023, and the legislature, although it has amended A.R.S. § 13–3102, has not disagreed.[3]

¶ 10 We thus conclude that a fanny pack is different from luggage for the purpose of applying the exemption from punishment for carrying a concealed weapon pursuant to A.R.S. § 13–3102(F). We therefore proceed to consider whether McDermott has standing to make his alternative argument that § 13–3102(F) as applied to § 13–3102(A)(1) is unconstitutionally vague, and, if he does have standing, the merits of that contention.

■ ¶ 11 If a defendant has endured a threatened or actual injury because of the alleged vagueness of a statute, then that defendant has standing to attack the constitutional validity of the statute upon that basis. *State v. Anderson,* 199 Ariz. 187, 191 ¶ 15, 16 P.3d 214, 218 (App.2000). Because McDermott faces prosecution and potential punishment for carrying a concealed weapon on his person without a permit, he has standing.

■ ¶ 12 The constitutionality of a statute is reviewed *de novo. Kaiser,* 204 Ariz. at 517 ¶ 8, 65 P.3d at 466. When a statute is challenged as vague, we presume that it is

---

3. *See* 1997 Ariz. Sess. Laws ch. 136, § 17; 2000 Ariz. Sess. Laws ch. 376, § 1; 2002 Ariz. Sess. Laws ch. 219, § 18; 2004 Ariz. Sess. Laws ch. 134, § 2.

constitutional and we construe it as to render it, if possible, constitutional. *State v. Mutschler*, 204 Ariz. 520, 522 ¶ 4, 65 P.3d 469, 471 (App.2003); *see also Kaiser*, 204 Ariz. at 517 ¶ 8, 65 P.3d at 466; *McMahon*, 201 Ariz. at 550 ¶ 5, 38 P.3d at 1215. The complaining party has the burden of demonstrating the statute's invalidity. *Kaiser*, 204 Ariz. at 517 ¶ 8, 65 P.3d at 466.

▆▆▆ ¶ 13 A statute is not void for vagueness if it gives a common person adequate notice of what conduct is proscribed.

> Due process requires that criminal offenses be defined in terms clear enough to give persons of ordinary intelligence notice of what conduct is prohibited and contain explicit standards of application so as to prevent arbitrary and discriminatory enforcement. A criminal statute is vague only if it fails to give reasonable notice of what conduct is prohibited or is drafted in a way that permits arbitrary and discriminatory enforcement.

*State v. Cotton*, 197 Ariz. 584, 590 ¶ 19, 5 P.3d 918, 924 (App.2000) (citations omitted); *see also Grayned v. City of Rockford*, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Kaiser*, 204 Ariz. at 517–18 ¶ 9, 65 P.3d at 466–67. *McMahon*, 201 Ariz. at 551 ¶ 7, 38 P.3d at 1216. A statute is not void for vagueness because it fails to explicitly define a term or because it can be interpreted in more than one way. *State v. Lefevre*, 193 Ariz. 385, 390 ¶ 18, 972 P.2d 1021, 1026 (App. 1998); *see also Kaiser*, 204 Ariz. at 517–18 ¶ 9, 65 P.3d at 466–67 "The requirement of a fair and definite warning does not necessitate perfect notice or absolute precision of language." *Kaiser*, 204 Ariz. at 517 ¶ 8, 65 P.3d at 466 (citations omitted); *see also Grayned*, 408 U.S. at 110, 92 S.Ct. 2294; *Mutschler*, 204 Ariz. at 523 ¶ 8, 65 P.3d at 472.

▆▆▆ ¶ 14 We conclude that the use of the word "luggage" does not render the statute unconstitutionally vague. Although the legislature did not define the word, it made sufficiently clear that luggage does not include a fanny pack. The first sentence of the statute provides an exception for luggage; the second sentence provides an exception for weapons concealed in luggage and packs. *See* A.R.S. § 13–3102(F). A person of ordinary intelligence would understand the difference in prohibited conduct.

¶ 15 The language also is sufficiently clear that there is no more than a "theoretical potential for arbitrary enforcement." *State v. McLamb*, 188 Ariz. 1, 6, 932 P.2d 266, 271 (App.1996). As was written of a provision of a city code that was similarly challenged,

> [I]nterpretation of the ordinance is not dependent on the judgment of police officers. To the contrary, the ordinance gives fair and objective guidelines to both potential offenders and law enforcement personnel exactly what behavior is prohibited. Further, it must be supposed that public officers will act fairly and impartially and in accordance with their best judgment, and a statute will not be held unconstitutional because of a supposed possibility they will not do so.

*Id.* (citations omitted).

¶ 16 We affirm the superior court's reversal of the municipal court's order granting McDermott's motion to dismiss and remand for further proceedings consistent with this opinion.

CONCURRING: DONN KESSLER, Presiding Judge and PHILIP HALL, Judge.