NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FARID MAHMOODI, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION, *Defendant/Appellee*.

No. 1 CA-CV 20-0056
FILED 12-17-2020

Appeal from the Superior Court in Maricopa County
No. LC2018-000487-001
The Honorable Douglas Gerlach, Judge *Retired*

**AFFIRMED**

COUNSEL

Lorona Mead PLC, Phoenix
By Jess A. Lorona
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Savita I. Kasturi
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        This is an administrative appeal regarding the unlicensed sale of used cars. Farid Mahmoodi appeals from the superior court's order affirming the civil penalties imposed upon him by the Arizona Department of Transportation ("ADOT"). We conclude Mahmoodi waived his claim that the relevant statute was void for vagueness.

## FACTS AND PROCEDURAL BACKGROUND

*The Corporations, Sales, and Citations*

¶2        Mahmoodi is, individually, an authorized wholesale motor vehicle dealer. He is the sole shareholder and managing member of two Delaware corporations: AAFM and YSA. AAFM, based in Tucson, holds a used motor vehicle dealer license. AAFM is authorized to sell used cars as long as the regulatory and statutory requirements are met. *See* A.R.S. § 28-4334(A).[1] All persons in the business of selling motor vehicles in Arizona must be properly licensed. *Id.* A "wholesale motor vehicle dealer" license authorizes the licensee to sell used motor vehicles only to other licensed motor vehicle dealers. A.R.S. § 28-4301(36). A "used motor vehicle dealer" license is required for a person who "buys, sells, auctions, exchanges or offers or attempts to negotiate a sale or exchange of an interest in, or who is engaged in the business of selling, seven or more used motor vehicles in a continuous twelve month period." A.R.S. § 28-4301(34). Licensed dealers must have a satisfactory sales lot open during specific hours, keep records on each vehicle via the "deal jacket," disclose  warranty information to the purchaser, and collect sales tax. *See, e.g.,* A.R.S. §§ 28-4403(A), -4405, -4407, and -4409.

¶3        Mahmoodi's other corporation, YSA, is a low volume transportation business somewhat similar to Uber with an address at a mail box store in Casa Grande. AAFM purchased inexpensive cars at auction

---

[1]        Absent material revisions, we cite a statute's current version.

and regularly "gifted" the cars to YSA as an "investment." Even though YSA does not have a used car dealer license, it sold 37 of those used cars in the pertinent 12-month period. The parties eventually stipulated that the statutory allowance permitted six of those sales. *See* A.R.S. § 28-4301(34). The cars were sold "as is" and without emissions tests. No sales tax was paid on the transfer from AAFM to YSA. Nor did anyone pay sales tax on the subsequent sales to the public based on Mahmoodi's claim that the sales were between two private parties. Mahmoodi stated he bought the cars at auction for $200-300 and, if he could not make them roadworthy inexpensively, he quickly transferred the cars to YSA for sale.

¶4    After an investigation, YSA was cited by ADOT for selling without a used motor vehicle dealer license. *See* A.R.S. § 28-4301(34). ADOT sent Mahmoodi a cease and desist letter and sought fines of $1,000 for each unauthorized sale as well as the unpaid sales tax. *See* A.R.S. § 28-4501(A). ADOT requested a hearing in front of an Administrative Law Judge ("ALJ") to rule on its proposed civil sanctions.

*The First Administrative Hearing: August 2017*

¶5    At the first hearing, both Mahmoodi and the investigator testified. ADOT introduced into evidence the titles to the cars showing Mahmoodi's signature. Mahmoodi's first defense was that YSA was not a "person" subject to A.R.S. § 28-4301(21). He presented no case law to support his theory but argued it was "common sense."

¶6    Mahmoodi's second defense was that YSA was not acting as a used car dealer, but was a transportation company liquidating its assets to remain solvent. The ALJ held that YSA was a "person" for purposes of the statute, citing *Whipple v. Indus. Comm'n*, 59 Ariz. 1, 5-7 (1942) and A.R.S. § 10-140(37) (defining corporation). It further found the statute does not provide an exception for companies liquidating assets.

*The Second Administrative Hearing: October 2018*

¶7    After Mahmoodi moved for rehearing, a second administrative hearing was held for a de novo review on whether YSA was a transportation business and whether the 31 cars were acquired incident to YSA's business under the exception found in A.R.S. § 28-4301(21). That section states a "Motor vehicle dealer" is

> a new motor vehicle dealer, a used motor vehicle dealer, a public consignment auction dealer, a broker or a wholesale motor vehicle auction dealer, excluding a person who comes

into possession of a motor vehicle *as an incident to the person's regular business* and who sells, auctions or exchanges the motor vehicle.

*Id.* (emphasis added).

**¶8** The ALJ found YSA was a transportation company but it did not acquire the 31 cars as incidental to its business. At the time of this hearing, YSA's two or three independent contractor drivers used their independently-owned vehicles and made less than $6,000 annually. Yet each month, between October 2016 and March 2017, AAFM gifted YSA between 2 and 9 cars.

**¶9** Mahmoodi's answers at the hearing were evasive and unresponsive. The ALJ concluded Mahmoodi "from the outset, [] intended to sell [the cars] to generate some cash flow for [YSA]." Mahmoodi was deemed not credible regarding his explanations for how acquiring the cars was "incident" to YSA's business. For that reason, the ALJ found the exception in A.R.S. § 28-4301(21) did not apply. Mahmoodi was fined $31,000, and ordered to pay the sales tax on each vehicle sold over the statutorily allowed six sales. *See* A.R.S. § 28-4501.

*The Superior Court Appeal*

**¶10** Mahmoodi appealed to the superior court. He raised two claims in his briefing – the ALJ's legal error in interpreting the statutes, and a due process void-for-vagueness claim.

**¶11** After a review of the administrative record, the superior court affirmed ADOT's imposition of civil penalties. It concluded: (1) sufficient evidence supported ADOT's decision and (2) Mahmoodi waived his void-for-vagueness argument by failing to raise it during the October 2018 hearing. Mahmoodi timely appealed to this Court pursuant to A.R.S. § 12-913.

**DISCUSSION**

**¶12** On appeal, Mahmoodi does not question the sufficiency of the evidence. Instead, Mahmoodi's only issue on appeal is his claim that the superior court erred in finding he waived his void-for-vagueness argument by not raising it during the October 2018 administrative hearing.

**¶13** An administrative agency's decision will be affirmed unless it is "contrary to law, is not supported by substantial evidence, is arbitrary

and capricious or is an abuse of discretion." A.R.S. § 12-910(E). We independently determine disputed questions of law but will "not disturb an agency's factual findings that the evidence substantially supports." *JH2K I LLC v. Ariz. Dep't of Health Servs.*, 246 Ariz. 307, 310, ¶ 8 (App. 2019). On appeal, we view the evidence in the light most favorable to upholding the award. *See Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 341, ¶ 2 (App. 2012).

**¶14** Mahmoodi did not raise a void-for-vagueness argument at the August 2017 hearing or his subsequent request for rehearing. In fact, the ALJ confirmed with Mahmoodi there were no other issues for the hearing beyond Mahmoodi's arguments that "a corporation is not a person" and the sales were part of a corporate asset liquidation. The best that can be said for Mahmoodi is that during the August 2017 hearing he said, once, "I thought I was entitled to due process and equal protection." Just a few lines later, he clarified that he believed there was an equal protection problem because he was being charged as an individual even though he acted as a corporate officer at the time. He never mentioned or alluded to a void-for-vagueness argument.

**¶15** Before the October 2018 administrative hearing, the parties stipulated that the only issue on rehearing was whether the incidental exception applied to YSA. No mention of a void-for-vagueness defense was made. That stipulation regarding the limitation of the hearing's scope was confirmed at least twice by the ALJ. The ALJ confirmed the issues at the beginning of the second hearing and asked if any other issues remained at the end of the hearing. Mahmoodi responded no, and said there was nothing further to add to the record.

**¶16** The parties then filed briefs with the Maricopa County Superior Court. During briefing to the superior court, Mahmoodi first raised the void-for-vagueness claim. Mahmoodi had not noticed a claim of unconstitutionality to the Attorney General or others as required by A.R.S. § 12-1841. After reviewing the record, the superior court affirmed the ALJ's decision and found Mahmoodi waived his void-for-vagueness claim on appeal. The superior court stated, "[n]either Mahmoodi's opening brief nor his reply brief identify any source in the record establishing the void for vagueness contention was presented to the [second] ALJ who heard the case, and the decision's failure to address the issue suggests it was not presented." We agree with the superior court that Mahmoodi did not raise the issue. *See Neal v. City of Kingman*, 169 Ariz. 133, 136 (1991) (noting that "failure to raise an issue at an administrative hearing" waives the issue).

**¶17** On appeal, Mahmoodi acknowledges that he never explicitly claimed a "due process" violation, but asserts that the constitutional issue was raised when he raised the "obvious confusion about the term 'incident' . . ." in the statute, and the ALJ and Mahmoodi's counsel "acknowledged the confusion on the record . . . ."

**¶18** Our reading of that transcript does not match Mahmoodi's description. Rather than expressing confusion, the ALJ was attempting to elicit Mahmoodi's view of what "incidental" meant. The ALJ acknowledged a lack of pertinent case law on the statute but the discussion never reached the issue of the constitutionality of the statute. We must view the evidence in the light most favorable to upholding the decision. *Hackworth*, 229 Ariz. at 341, ¶ 2. In this light, Mahmoodi's argument before the ALJ that the statutory language was confusing, whether or not the ALJ agreed, was insufficient to raise a void-for-vagueness due process constitutional claim. *See State v. McDermott*, 208 Ariz. 332, 336, ¶ 13 (App. 2004) ("A statute is not void for vagueness because it fails to explicitly define a term or because it can be interpreted in more than one way."); *see also DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 339-40 (App. 1984) (finding waiver where one due process claim raised on appeal was not raised before the racing commission even though another due process claim had been presented).

**¶19** Accordingly, we affirm the superior court's determination that Mahmoodi waived his void-for-vagueness argument by failing to raise it during the October 2018 hearing.

**¶20** Moreover, even if we reached Mahmoodi's void-for-vagueness argument, we would reject it. A statute is not void for vagueness simply because it does not define its terms. *McDermott*, 208 Ariz. at 336, ¶ 13. "Rather, a statute is void for vagueness if it does not give a person of 'ordinary intelligence a reasonable opportunity to know what is prohibited and fails to contain explicit standards of application to prevent arbitrary and discriminatory enforcement.'" *Franklin v. Clemett*, 240 Ariz. 587, 595, ¶ 24 (App. 2016) (quoting *State v. Poshka*, 210 Ariz. 218, 220, ¶ 5 (App. 2005)). The person challenging a statute has the burden of proof. *In re Maricopa Cnty. Juv. Action No. JT9065297*, 181 Ariz. 69, 81 (App. 1994).

**¶21** Mahmoodi claimed that the words "incident" and "person" were not only undefined by Title 28, but were unconstitutionally vague. The same section of Title 28 includes "person" and "incident to" in the phrase "excluding a person who comes into possession of a motor vehicle as an incident to the person's regular business[.]" *See* A.R.S. § 28-4301(21). Absent statutory definitions, courts generally give words their ordinary

meanings. *State v. Cox*, 217 Ariz. 353, 356, ¶ 20 (2007). Mere ignorance of the scope of a law or its application does not excuse a person's noncompliance. *See State v. Soltero*, 205 Ariz. 378, 380, ¶¶ 7-8 (App. 2003). Statutes are not unconstitutionally vague even where they are susceptible to different interpretations. *State v. Putzi*, 223 Ariz. 578, 579, ¶ 4 (App. 2010). For assistance in defining a term, we may refer to an established and widely used dictionary. *See State v. Mahaney*, 193 Ariz. 566, 568, ¶ 12 (App. 1999).

**¶22** Black's Law Dictionary defines incidental as "[s]ubordinate to something of greater importance; having a minor role[.]" *Incidental*, Black's Law Dictionary (11th ed. 2019). This definition is consistent with the statutory language of A.R.S. § 28-4301(21). To acquire a vehicle "incident to a regular business" speaks of a vehicle's acquisition as a byproduct of the business or ancillary to it. We reject Mahmoodi's argument that "incidental" is unconstitutionally vague because a person of ordinary intelligence can understand the difference between regular business and activities incidental to that business.

**¶23** Mahmoodi's vagueness claim as to "person" is meritless. Our Legislature has defined "person" to include a "natural person," a "corporation," and when used "to designate the violator or offender of any law, it includes corporation, partnership or any association of persons." A.R.S. § 1-215(28).

**¶24** For the above-stated reasons, we do not find either term unconstitutionally vague.

## CONCLUSION

**¶25** We affirm. As the prevailing party, ADOT is awarded costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA

7