NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TAYLOR DANIEL SILJANDER, *Appellant*.

No. 1 CA-CR 21-0252
FILED 3-1-2022

Appeal from the Superior Court in Maricopa County
No. LC2020-115444-001
The Honorable Daniel J. Kiley, Judge

Appeal from the Hassayampa Justice Court in Maricopa County
No. JC 2020-11544

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Ryan Green
*Counsel for Appellee*

Taylor Daniel Siljander, Glendale
*Appellant*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

_____

**M O R S E**, Judge:

¶1            Taylor Daniel Siljander appeals from the superior court's judgment affirming his justice court misdemeanor conviction for violating a county park rule.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            Lake Pleasant Regional Park ("Park") employees and a Maricopa County ("County") sheriff's deputy observed Siljander fly an ultralight aircraft over portions of the Park, including a dam, "conservation area," and campground.  Siljander was flying "just barely above [] campground campers."

¶3            After Siljander landed, a deputy approached and issued him a citation for violating a County rule that prohibits "[o]perating any passenger aircraft of any nature . . . except in areas designated for such use by the [Maricopa County Parks and Recreation] Department or in an emergency situation." Maricopa County Parks and Recreation Rule R-116.1 ("Rule").  Although Siljander admitted to flying over the Park, he moved to dismiss the citation on jurisdiction grounds, arguing federal law preempted the County's authority to regulate the Park's airspace.  Siljander also claimed the Rule is unconstitutionally vague.  The justice court denied the motion.

¶4            At trial, the evidence established that the areas of the Park over which Siljander flew were not designated for such use, and no emergency existed that otherwise permitted flights under the Rule.  The court found Siljander guilty of the misdemeanor offense and imposed a fine. Siljander appealed to the superior court and repeated his preemption and vagueness claims.  The superior court affirmed the justice court, and Siljander timely appealed.  This Court has jurisdiction under A.R.S. § 22-375.

## DISCUSSION

### I.     Preemption.

¶5          Siljander contends the federal government, through the Federal Aviation Administration ("FAA"), has exclusive authority to regulate navigable airspace. He asserts the Rule is therefore preempted by federal law and unconstitutional. *See Arizona v. United States*, 567 U.S. 387, 399 (2012) (noting the Supremacy Clause in Art. VI of the Constitution provides Congress the power to preempt state law). We review preemption claims de novo. *City of Scottsdale v. State*, 237 Ariz. 467, 469, ¶ 9 (App. 2015).

¶6          When determining whether federal law preempts state regulatory authority, courts assume "the historic police powers of the States are not superseded unless that was the clear and manifest purpose of Congress." *Arizona*, 567 U.S. at 400 (cleaned up). Congress can express its intent to preempt state law by enacting legislation that contains a preemption provision. *Id.* at 399. Congressional intent can also be inferred through "field" preemption, which exists when "federal law leaves no room for state regulation." *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680, 687-88 (3d Cir. 2016) (citation omitted). Finally, state regulation is preempted when it conflicts with federal law "such that compliance with both state and federal regulations is impossible." *Id.* at 688.

¶7          Siljander bears the burden of establishing preemption. *See United States v. Skinna*, 931 F.2d 530, 533 (9th Cir. 1990) (stating that the party asserting a preemption defense has the burden of proof). He attempts to meet this burden by relying on 49 U.S.C. § 40103, which, in addition to granting the FAA authority to regulate the use of airspace, provides: "The United States Government has exclusive sovereignty of airspace of the United States." 49 U.S.C. § 40103(a)(1), (b). Siljander contends that provision of the Federal Aviation Act expressly indicates Congress's intent to preempt state regulation of airspace. We disagree. "[T]he Supreme Court has construed § 40103(a)(1)'s predecessor provision as 'an assertion of exclusive national sovereignty' that 'did not expressly exclude the sovereign powers of the states.'" *Skysign Int'l, Inc. v. City & County of Honolulu*, 276 F.3d 1109, 1116 (9th Cir. 2002) (footnote omitted) (quoting *Braniff Airways v. Neb. State Bd. of Equalization & Assessment*, 347 U.S. 590, 595 (1954)).

¶8          Siljander's arguments purporting to establish field or conflict preemption also fail. Although the FAA may have exerted its authority sufficiently to occupy certain subfields of air commerce, it has not "sought

to occupy the field to the full." *Id.*; *see also Montalvo v. Spirit Airlines*, 508 F.3d 464, 468, 472-74 (9th Cir. 2007) (recognizing that the FAA has exercised its authority to regulate pervasively aviation safety as a subfield of air commerce such that a state-imposed duty to warn is preempted). Siljander does not describe the subfield in which Rule 116.1 lays, let alone any authority finding that subfield preempted.

¶9        Regarding conflict preemption, Siljander relies on FAA regulations that "protect aircraft in commerce." Although Siljander asserts Rule 116.1 regulates aircraft in commerce because it prohibits passenger-carrying aircraft, he cites no authority to support the proposition that all passenger-carrying aircraft are "in commerce" for purposes of determining federal preemption of state law.[1]

¶10       Finally, we note that the FAA itself has expressly contemplated the constitutional propriety of local regulations that similarly regulate ultralight aircraft. *See* 14 C.F.R. § 103.19 ("No person may operate an ultralight vehicle in prohibited or restricted areas unless that person has permission from the using or controlling agency, as appropriate.").

¶11       Based on the foregoing, Siljander fails to overcome the presumption that Rule 116.1 is not preempted by federal law. To the contrary, Rule 116.1 properly regulates recreational flying over the Park, an activity that Siljander concedes he was engaged in.

## II.     Vagueness.

¶12       Siljander argues Rule 116.1 is vague and therefore unconstitutional. We disagree.

¶13       We review the constitutionality of a statute de novo. *State v. McDermott*, 208 Ariz. 332, 335, ¶ 12 (App. 2004). "When a statute is challenged as vague, we presume that it is constitutional," and the

---

[1]        Siljander states: "The aircraft in this case doesn't carry passengers and is not in commerce[,] therefore [Rule 116.1] was incorrectly applied to it." We cannot consider the merits, if any, of this argument. When a case arising in a justice court is appealed to the superior court, our jurisdiction is limited to determining the applicable statutes' facial validity. *State v. Lindner*, 227 Ariz. 69, 70, ¶ 2 (App. 2010) (citing A.R.S. § 22-375). For the same reason, we do not address Siljander's suggestion that the trial evidence failed to establish he violated Rule 116.1.

complaining party bears the burden of "demonstrating the statute's invalidity." *Id.* at 335-36, ¶ 12.

**¶14** "A statute is void for vagueness if it fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly." *State v. Burbey*, 243 Ariz. 145, 149, ¶ 15 (2017) (alteration in original) (internal quotation marks and citation omitted). "Such laws violate due process because they fail to provide fair warning of criminal conduct and do not provide clear standards to law enforcement to avoid arbitrary or discriminatory enforcement." *Id.* "Due process does not require, however, that a statute be drafted with absolute precision." *State v. McMahon*, 201 Ariz. 548, 551, ¶ 8 (App. 2002). "It requires only that the language of a statute convey a definite warning of the proscribed conduct." *Id.* (quoting *Fuenning v. Superior Court*, 139 Ariz. 590, 598 (1983)).

**¶15** To support his ambiguity claim, Siljander points to instances in this case where law enforcement officers, the prosecutor, and the justice court made contradictory statements about the type of aircraft subject to Rule 116.1 and whether the altitude of aircraft over the Park determines enforcement of the Rule. Siljander also states, "Nothing about the text of R-116 indicates it applies to the air."

**¶16** First, whether the "State actors" in this case disagree about some aspects of the Rule's application is not dispositive in determining whether the Rule is unconstitutionally vague. A statute is not void for vagueness "because it can be interpreted in more than one way." *McDermott*, 208 Ariz. at 336, ¶ 13. Second, the Rule's reference to "operating any passenger aircraft" necessarily encompasses using an aircraft for its inherent purpose, flying. Nothing about the Rule's language indicates a reasonably intelligent person would fail to understand that flying an aircraft over an area of the park not designated for such activity is prohibited, absent an emergency. Siljander's vagueness claim is without merit, and he therefore fails to overcome the presumption of constitutionality.

## CONCLUSION

¶17        Siljander's conviction is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA